# CIRCUIT COURT OF LOUDOUN COUNTY

Bryan K. Graham

v.

Randolph B. Cook et al.

July 18, 2008

Case No. CL44867

BY JUDGE THOMAS D. HORNE

Plaintiff and defendants have filed motions *in limine* by which they seek to restrict the testimony of expert witnesses. By a separate order entered on July 15, 2008, the Court addressed certain of these issues. These issues relate to the preclusion of certain portions of the testimony of the defendant, Dr. Randolph B. Cook, and to limit the scope of the defendants' designated authoritative literature. Va. Code Ann. § 8.01-401.1.

The Court informed counsel that it would take under advisement the following motions:

(1) Defendants' Motion to Overrule Objections to Dr. Thomas Gross' deposition testimony. (A copy of the deposition was furnished the Court.)

(2) Plaintiff's Motion to Partially Strike Defendants' Expert Designations of Dr. Mark Theiss.

(3) Plaintiff's Motion to Partially Strike Defendants' Expert Designation of Dr. Gary Gruen.

Based upon a review of the deposition testimony of Dr. Gross and the relevant expert witness designations, the Court makes the following findings relative to the *in limine* motions. To the extent the matters discussed are subject to additional objections at trial based upon the status of the record at that time, the instant findings are made without prejudice to the party raising such objection.

Thomas Paul Gross, M.D., an orthopaedic surgeon specializing in joint replacement, was involved in treating the plaintiff. In reviewing the objections to portions of the deposition testimony of Dr. Gross, the Court is guided by the provisions of Va. Code Ann. § 8.01-399. That provision states in relevant part as follows:

> A. Except at the request or with the consent of the patient, or as provided in this section, no duly licensed practitioner of any branch of the healing arts shall be required to testify in any civil action, respecting any information that he may have acquired in attending, examining, or treating the patient in a professional capacity.
>
> B. If the physical or mental condition of the patient is at issue in a civil action, the diagnoses, signs and symptoms, observations, evaluations, histories or treatment plan of the practitioner, obtained or formulated as contemporaneously documented during the course of the practitioner's treatment, together with the facts communicated or otherwise learned by such practitioner in connection with such attendance, examinations, or treatment shall be disclosed but only in discovery pursuant to the Rules of Court or through testimony at the trial of the action. In addition, disclosure may be ordered when a court, in the exercise of sound discretion, deems it necessary to the proper administration of justice.

Va. Code Ann. § 8.01-399.

Only a diagnosis offered to a reasonable degree of medical probability may be admitted at trial.

Timely objections to the testimony for the plaintiff, based upon the limited exceptions to the statutory privilege reflected in the aforementioned Code section and upon the suggested speculative nature of the doctor's testimony, were made by the plaintiff at the time of the taking of the deposition.

The Supreme Court has interpreted the extent to which this relatively new statute may be applied to treating physicians who may be called upon in cases concerning the physical condition of a patient. In doing so, the Court has distinguished present opinions from explanations for and impressions formed at the time of treatment was rendered. *Pettus v. Gottfried*, 269 Va. 69 (2005). In *King v. Cooley*, 274 Va. 374 (2007), the Court recognized the distinction between admissible impressions of the treating physician and the requirement

that a diagnosis made in the course of treatment be stated to a reasonable degree of medical probability. *Id.* at 379. While the medical record differs from trial testimony, such testimony may be a proper subject for cross-examination. *Holmes v. Levine*, 273 Va. 150 (2007).

Facts learned or communicated by the treating physician during treatment need not be the subject of documentation. Va. Code Ann § 8.01-399; *Pettus, supra.*

One commentator on the law of evidence in Virginia has discussed the absence of a common law physician-patient privilege and the significance of the legislative intervention in the matter. Charles E. Friend, *The Law of Evidence in Virginia*, § 7.4 (6th ed. 2003).

Defendants have designated Dr. Gross as an expert witness, preserving their right to seek opinion testimony relative to treatment.

Counsel differ as to whether the answers sought constitute diagnoses, signs and symptoms, observations, evaluations, histories, or treatment plans contemporaneously documented in the record and as to whether a diagnosis or opinion has been expressed to a reasonable degree of medical probability.

Objection # 1: Plaintiff objected to a question regarding Dr. Gross' interpretation of the September 9, 2005, X-ray (p. 24, lines 1-14). These were impressions that would need to have been documented in the record. Accordingly, the objection should be properly sustained and the question and answer excluded from consideration by the jury.

Objection # 2: The Court will sustain the objection to the opinion of Dr. Gross concerning how the screw may have gotten into the joint. It is an opinion not contemporaneously documented in the notes. Thus, this comment made, on page 28, lines 17-24, is objectionable and should be excluded from consideration by the jury.

Objection #3: Plaintiff has objected to the opinions of Dr. Gross that are not held to the standard of reasonable probability. The objection is well taken. Accordingly, the testimony, commencing on page 33, line 11, and continuing through page 34, line 10, should be excluded from consideration by the jury.

Objections # 4 and # 5: Plaintiff's objection to the testimony of Dr. Gross, commencing with line 4 on page 36 and continuing through line 5 on page 38, is sustained. The testimony should be excluded from consideration by the jury, as it is speculative.

Accordingly, the motion of the defendants to overrule the objections of plaintiff is denied. The deposition testimony will be permitted, albeit in a redacted form. Thus, those portions of the deposition, identified as objectionable by the Court, should be removed prior to the entry of such testimony.

Plaintiff has moved the Court to partially strike the expert witness designations of Mark Theiss, M.D., and Gary Gruen, M.D. As described in the interrogatory responses of the defendant, Dr. Theiss is a Board certified orthopaedic surgeon. Dr. Gruen is likewise a Board certified orthopaedic surgeon. The qualifications of each are described in the designations.

Counsel, in support of their respective positions, have relied upon the Rules of the Supreme Court of Virginia as interpreted in the recent case of *John Crane, Inc. v. Jones*, 274 Va. 581 (2007). It is obvious from the papers submitted that they differ as to the scope of the decision in *Crane* and how it is to be applied to designations such as these. A comparison of the limited designations in *Crane* with those complained of in the instant case present a stark contrast.

For a designation to meet the designation requirements of Va. Sup. Ct. R. 4:1(b)(4)(i), a party must identify the expert, identify the subject of the expert's testimony, the substance of the facts and opinions held by the expert, and a summary of the grounds for each opinion. Va. Sup. Ct. R. 4:1(b)(4)(i). In interpreting the application of the rule to expert witness designations, the Supreme Court has cautioned counsel and trial courts that, "a party is not relieved from its disclosure obligation under the Rule simply because the other party has some familiarity with the expert witness or the opportunity to depose the expert." *John Crane, Inc. v. Jones*, 274 Va. 581, 592 (2007). However, no template is suggested with respect to the layout of the response so long as the designation addresses the requirements of the Rule.

Defendants suggest that the expert witness designation should be read as a whole and that, so long as the requirements of the Rule have been met, the designation can withstand the scrutiny of a *Crane* analysis. A fair reading of the designations in the case of Dr. Theiss and Dr. Gruen compels the Court to deny the motions to partially strike made by the plaintiff. Accordingly, the motions are denied. However, this is without prejudice to the plaintiff to raise specific objections to the testimony at trial based upon the designations.

A copy of this Opinion and Order shall be forwarded by the Court to counsel of record. The case will be continued.